IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES SPENCE,** | **CIVIL NO. 1:07-CV-00583** |
| **Plaintiff,** | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **THE ESAB GROUP, INC.,** | |
| **Defendant** | |

## **M E M O R A N D U M**

Before the court is Defendant's motion to dismiss Plaintiff's negligence *per se* claim pursuant to Fed. R. Civ. P. Rule 12(b)(6). Plaintiff Charles Spence alleges that Defendant, The ESAB Group Inc. ("ESAB"), had a duty to properly secure cargo that was loaded onto Plaintiff's trailer imposed by U.S. Department of Transportation Federal Motor Carrier Safety Regulation, 49 C.F.R. § 392.9. Plaintiff alleges that ESAB violated 49 C.F.R. § 392.9(a)(1), and that such a violation constitutes negligence *per se.* ESAB argues that the federal statute applies to drivers or motor carriers, and because ESAB is a shipper, an allegation of negligence *per se* against it must fail. For the reasons that follow, the motion will be granted.

**I.** **Background**

For the purposes of a 12(b)(6) motion to dismiss, the court sets forth the facts stated in Plaintiff's complaint and accepts them as true. On May 12, 2005, Plaintiff drove his truck to ESAB's warehouse in Hanover, Pennsylvania. Once there, ESAB loaded cargo consisting of welding supplies into the trailer attached to Plaintiff's truck. The welding supplies were contained in boxes weighing from

thirty to fifty pounds and they had been stacked onto wooden pallets.  After loading was completed, Plaintiff departed from ESAB's facility to deliver the cargo.  As Plaintiff was navigating a curve on SR 116/Third Street in Hanover, the cargo in the trailer shifted.  Consequently, Plaintiff's tractor trailer flipped over and hit a building, causing Plaintiff serious injuries including, *inter alia*, a head injury, peripheral nerve damage, a concussion, and herniated discs.

Plaintiff claims that the accident was caused by the failure of ESAB to properly secure the cargo, specifically, that the cargo shifted as a result of ESAB's negligence in loading the trailer.  Accordingly, Plaintiff initiated an action on March 28, 2007 alleging claims of negligence, negligence *per se* and gross negligence. (Doc. 1.)  Defendant filed a motion to dismiss the claim of negligence *per se* on June 13, 2007 (Doc. 7).  Plaintiff filed a response on June 28, 2007 (Doc. 9).  The issue has been fully briefed and the matter is now ripe for disposition.

**II.**      **Legal Standard – Motion to Dismiss**

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Fair notice" in Rule 8(a)(2) "depends on the type of case — some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief."  *Phillips v. County of Allegheny*, No. 06-2869, slip op. at 12 (3d Cir. Feb. 5, 2008) (quotation omitted).  "A situation may arise where, at

some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id.* A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Twombly*, 127 S. Ct. at 1965; *accord, e.g., Phillips*, No. 06-2869, slip op. at 11; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (The court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). *Accord Phillips*, No. 06-2869, slip op. at 10, 15. If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Twombly*, 127 S. Ct. at 1965, 1974; *Phillips*, No. 06-2869, slip op. at 17; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Caroll*, 495 F.3d 62, 66 (3d Cir. 2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Twombly*, 127 S. Ct. at 1965, *quoted in Phillips*, No. 06-2869, slip op. at 17.

**III.      Discussion**

ESAB seeks to dismiss only the negligence *per se* claim, arguing that the federal statute applies only to drivers or motor carriers. ESAB maintains that it is a shipper, not a motor carrier, and as such, ESAB argues that an allegation of negligence *per se* against it must fail.

In general, a plaintiff must prove four elements to establish an action in negligence: 1) a duty or obligation to conform to a standard of conduct recognized by law; 2) a breach of that duty by the defendant; 3) a causal connection between the defendant's breach of duty and the resulting injury or harm; and 4) injury or harm suffered by the plaintiff. *See Morena v. South Hills Health System*, 462 A.2d 680, 684 n. 5 (Pa. 1983) (citing Prosser, *Law of Torts*, § 30 at 143 (4th ed. 1971)). The concept of negligence *per se* establishes the elements of duty and breach of that duty where an individual violates a statute designed to prevent a public harm. *Mahan v. Am-Gard, Inc.*, 841 A.2d 1052, 1058 (Pa. Super. 2003) (citing *J.E.J. v. Tri-County Big Brothers/Big Sisters*, 692 A.2d 582, 585 (Pa. Super. 1997); *see also White by Stevens v. Southeastern Pa. Transp.*, 518 A.2d 810, 816. (Pa. Super. 1986) (holding that violation of a statute may serve as the basis for negligence *per se*).

In Pennsylvania, a plaintiff must prove the following elements to establish a claim of negligence *per se*: 1) the purpose of the statute must apply, at least partially, to protecting the interest of a specific group rather than the public generally, 2) the statute or regulation must clearly apply to the conduct of the defendant, 3) the defendant must violate the statute, and 4) the defendant's violation of the statute must be the proximate cause of the plaintiff's injuries. *Mahan*, 841 A.2d at 1059 (citing *Wagner v. Anzon*, 684 A.2d 570, 574 (Pa. Super. Ct. 1996)).

The same analysis applies when evaluating violations of federal regulations as the foundation of a negligence *per se* action. *See Cecile Industries, Inc. v. U.S.*, 793 F.2d 97, 99 (3d Cir. 1986) (applying Pennsylvania law in a Federal Tort Claims Act action); *see also* 20 Pa. Jur. 2d *Torts*, § 74.

Here, the parties dispute the second element necessary to establish a negligence *per se* claim: whether 49 C.F.R. § 392.9 applies to ESAB. To satisfy the second element of a negligence *per se* claim, the statute must clearly apply to the conduct of the defendant. *Mahan v. Am-Gard, Inc.*, 841 A.2d 1052, 1059 (Pa. Super. 2003). As explained in *Schappell v. Motorists Mut. Ins. Co.*, 934 A.2d 1184, 1187 (Pa. 2007), "in interpreting an administrative regulation, as in interpreting a statute, the plain language of the regulation is paramount." The plain language of 49 C.F.R. § 392.9 prohibits a driver from operating a commercial motor vehicle if the cargo has not been distributed and secured as prescribed in the regulation and the driver assures himself of these facts.[1] The regulation provides the duties of the

---

[1] See 49 C.F.R. § 392.9(a), which provides in pertinent part:

(a) General. A driver may not operate a commercial motor vehicle and a motor carrier may not require or permit a driver to operate a commercial motor vehicle unless--

(1) The commercial motor vehicle's cargo is properly distributed and adequately secured as specified in §§ 393.100 through 393.136 of this subchapter.

(2) The commercial motor vehicle's tailgate, tailboard, doors, tarpaulins, spare tire and other equipment used in its operation, and the means of fastening the commercial motor vehicle's cargo, are secured; and

(3) The commercial motor vehicle's cargo or any other object does not obscure the driver's view ahead or to the right or left sides (except for drivers of self-steer dollies), interfere with the free movement of his/her arms or legs, prevent his/her free and ready access to accessories required for emergencies, or prevent the free and ready exit of any person from the commercial motor vehicle's cab or driver's compartment.

(continued...)

*driver*, not the entity that loads the cargo, be it the shipper or other third party. Plaintiff argues that § 392.9(b)(4), which excuses the driver's duties under certain circumstances, creates a duty in the shipper to load cargo per the regulation's requirements. Section 392.9(b)(4) provides that the rules of the section do not apply to the driver when the driver is ordered not to open a sealed commercial motor vehicle, or when the vehicle has been loaded in a way that makes inspection of the cargo impracticable.[2] But again, the plain language of the regulation explains when the *driver's duties* are excused under the statute. No other language creating a duty in the shipper is to be found in the regulation.[3] The plain language of 49 C.F.R. §

---

[1](...continued)

[2] See § 392.9(b), which provides in pertinent part:

(b) Drivers of trucks and truck tractors. Except as provided in paragraph (b)(4) of this section, the driver of a truck or truck tractor must--

(1) Assure himself/herself that the provisions of paragraph (a) of this section have been complied with before he/she drives that commercial motor vehicle;
   \*   \*   \*
(4) The rules in this paragraph (b) do not apply to the driver of a sealed commercial motor vehicle who has been ordered not to open it to inspect its cargo or to the driver of a commercial motor vehicle that has been loaded in a manner that makes inspection of its cargo impracticable.

[3] In the alternative, Plaintiff argues that a duty to load the cargo according to the requirements set forth in 49 C.F.R. § 392.9 is implied to ESAB through federal common law, and cites cases in support of this theory. *See, e.g.*, *United States v. Savage Truck Line, Inc.*, 209 F.2d 442 (4th Cir. 1953) (stating the general rule that the carrier has the duty of safe loading of property; but where the shipper takes responsibility for loading, the shipper becomes liable for latent defects that are not discernable by ordinary observation); *John Smart v. Am. Welding and Tank Co., Inc.*, 826 A.2d 570 (N.H. 2003) (noting that 49 C.F.R. § 392.9 is in accord with the *Savage* rules regarding carrier and shipper liability); *Decker v. New England Pub. Warehouse*, 749 A.2d 762 (Me. 2000) (*Savage* rule has been accepted by most courts and federal regulators). *See also Medeiros v. Whitcraft*, 931 F. Supp. 68, 73 (D. Mass. 1996) (holding that while 49 C.F.R. § 392.9 confers a statutory duty to the driver, the statute does not relieve other parties from liability under general negligence theory). But none of those cases interpret the regulation to imply a duty to an entity not expressly attributed to that entity by the
(continued...)

392.9 refers only to the duties of drivers and Plaintiff has not demonstrated that the regulation applies to ESAB.  Because the Plaintiff has not established that the regulation applies to ESAB, Plaintiff has not stated a claim for negligence *per se*.  Therefore, Defendant EASB's motion to dismiss Plaintiff's negligence *per se* claim for failure to state a claim will be granted.

**IV.**     **Conclusion**

In accordance with the foregoing discussion, the court will grant Defendants' motion to dismiss the negligence *per se* claim.  An appropriate order will issue.

        s/Sylvia H. Rambo  
        SYLVIA H. RAMBO  
        United States District Judge

Dated:  February 15, 2008.

---

[3](...continued)
regulation.  Also, any liability assigned to shippers in those cases arises in claims of general negligence, not negligence *per se*.  As a result, Plaintiff's negligence *per se* claim cannot rest upon the theory that the duties assigned to drivers by 49 C.F.R. § 392.9 can be implied to shippers.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES SPENCE,** | **CIVIL NO. 1:07-CV-00583** |
| **Plaintiff** | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **THE ESAB GROUP, INC.,** | |
| **Defendant** | |

# **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendants' motion to dismiss the negligence *per se* claim is **GRANTED.**

                                                  s/Sylvia H. Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated: February 15, 2008.